KM

**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Robert Joseph Benge,

Plaintiff,

vs.

Charles L. Ryan, et al.,

Defendants.

No. CV 14-0402-PHX-DGC (SPL)

**ORDER**

Plaintiff Robert Joseph Benge, who is confined in the Arizona State Prison Complex-Lewis, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will order Defendants Ryan, Pratt, Wexford, Corizon, Merchant, Mahler and Tucker to answer the Complaint and will dismiss the remaining Defendants without prejudice.

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $7.49. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III. Complaint**

In this two-count Complaint, Plaintiff names the following Defendants: Arizona Department of Corrections Director Charles L. Ryan; Jane Doe Ryan; Director of Health Services Richard Pratt; Jane Doe Pratt; the Arizona Department of Corrections (ADOC); Wexford Health Incorporated (Wexford); Corizon Health Sources (Corizon); Dr. Kenneth Merchant; Jane Doe Merchant; Physician's Assistant Carey Tucker; Jane Doe Tucker; and Registered Nurses C. Mahlar and John Doe.

In Count One, Plaintiff claims his Eighth Amendment rights were violated when he was denied immediate treatment for a fractured tibia. Plaintiff states that on May 3, 2012, he fell and injured his leg to the extent that he could not walk on his own. Plaintiff was taken to medical where he was evaluated by Defendant Mahlar who gave Plaintiff ice, but no pain medication, and told Plaintiff that x-rays would be ordered. Plaintiff did not receive x-rays. On May 12, 2012 Deputy Warden Mattson saw Plaintiff's still swollen and discolored leg and asked medical to see Plaintiff; medical stated that Plaintiff needed to fill out a Health Needs Request, which Plaintiff did on May 13, 2012.

Plaintiff was seen by Defendants Mahler and Nurse Doe on May 14, 2012. Plaintiff states that both Defendants saw that Plaintiff could barely walk on his own and that his knee and leg were badly swollen and bruised. Plaintiff claims both Defendants failed to splint or otherwise stabilize the leg and "actively thwarted Plaintiff's attempts to be seen by a medical doctor."

On June 12, 2012, Plaintiff was seen by Defendant Merchant who observed Plaintiff's knee and leg were still swollen and bruised and could not bear weight. Defendant Merchant ordered an MRI. Plaintiff received the MRI on July 3, 2012. Although Defendant Merchant immediately received the results of the MRI, which showed Plaintiff had suffered a fractured tibia, Defendant Merchant did nothing and did not see Plaintiff until August 7, 2012, at which time he told Plaintiff that he did not have time to go over the results of the MRI with Plaintiff. Defendant Merchant then prescribed pain medication. Plaintiff states that he was not provided with the results of

the MRI until November 15, 2012, when he was seen by an orthopedic surgeon. Plaintiff alleges that failure to immediately treat his fractured tibia has resulted in permanent injury and continuing pain.

Plaintiff further claims that Defendants Ryan and Pratt were aware of "widespread and systematic abuse of inmates with regards to health care." Similarly, Plaintiff claims Defendant Wexford had a custom of providing inadequate care for inmates and that Defendants Ryan, Pratt, and Wexford "neglected the serious medical needs of inmates by failing to manage, support, supervise, and administer medical care to prisoners." Compl. at 7.

In Count Two, Plaintiff alleges his Eighth Amendment rights were violated when, on multiple occasions, he did not receive prescribed pain medication. Plaintiff claims that on June 18, 2013, his prescription medications gabapentin and propranolol were abruptly discontinued for three months because Defendant Mahler failed to renew Plaintiff's prescriptions and failed to give his chart to the health care provider. Plaintiff further claims Defendant Mahler refused to arrange for Plaintiff to see a healthcare provider for pain management issues.

Plaintiff also alleges that Defendant Tucker "drastically altered Plaintiff's medication regimen with the abrupt discontinuation of Plaintiff's baclofen 60 mg daily" and reduced the amount of pain medication Plaintiff received. Plaintiff further alleges that several other medications were discontinued or decreased, but Plaintiff does not allege who was responsible for these changes. On January 14, 2014, Plaintiff was seen by an outside provider who gave Plaintiff a prescription for tramadol for pain management; Plaintiff claims Defendant Tucker refused to prescribe the medication.

Plaintiff alleges that Defendants Ryan, Pratt, and Corizon "instructed [Defendant] Tucker and other medical staff members not to issue any new medications to inmates, even those with verified treatment records."

Plaintiff seeks money damages.

. . . .

## IV.   Failure to State a Claim

### A.   Defendants Jane Does

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).   Plaintiff makes no factual allegations against Defendants Jane Doe Ryan, Jane Doe Pratt, or Jane Doe Tucker and fails to state a claim against them.  These Defendants will be dismissed without prejudice.

### B.   Defendant Arizona Department of Corrections

The Arizona Department of Corrections is not a proper Defendant.  Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent.  *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a "person" for purposes of section 1983.  Likewise "arms of the State" such as the Arizona Department of Corrections are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Accordingly, Defendant Arizona Department of Corrections will be dismissed.

### C.   Count Two–Defendant Mahler

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).

In Count Two, Plaintiff claims that Defendant Mahler failed to reorder his medications and failed to arrange for Plaintiff to see a healthcare provider. These claims are not sufficient to demonstrate Defendant Mahler was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff's allegations demonstrate, at best that Defendant Mahler was negligent in reordering medication and scheduling medical appointments; negligence is not sufficient to state an Eighth Amendment claim. The Court will dismiss this portion of Count Two.

**V. Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated Eighth Amendment medical claims against Defendants Ryan, Pratt, Wexford, Merchant, and Mahler in Count One and against Defendants Ryan, Pratt, Corizon and Tucker in Count Two. The Court will require these Defendants to answer the Complaint.

Although Plaintiff has alleged his claim with enough specificity to require an answer from Defendant Nurse Doe as to Count One, the Court will not order service of Defendant Nurse Doe at this time. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

If Plaintiff later discovers the identity of this Defendant, Plaintiff should amend his Complaint to name him. Plaintiff may amend his Complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). After any Defendant has filed an answer or other responsive pleading, however, Plaintiff must file a motion requesting leave to amend and submit a proposed amended complaint.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also,

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $7.49.

(3) The claims against Defendant Mahler in Count Two are **dismissed** without prejudice.

(4) Defendants Jane Doe Ryan, Jane Doe Pratt, Jane Doe Tucker, and Arizona Department of Corrections are **dismissed** without prejudice.

(5) Defendants Ryan, Pratt, Wexford, Merchant, and Mahler must answer Count One of the Complaint and Defendants Ryan, Pratt, Corizon, and Tucker must answer Count Two of the Complaint.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Ryan, Pratt, Wexford, Merchant, Mahler, Corizon, and Tucker.

(7) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

   (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule

---

Office of the Arizona Department of Corrections unless the officer or employee works there.

4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14) The referral judge on this case is randomly reassigned to Magistrate Judge Bridget S. Bade.

(15) All future filings must be captioned: CV 14-0402-PHX-DGC (BSB).

(16) This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 8th day of July, 2014.

David G. Campbell
United States District Judge

TERMPSREF