MGD

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Robert Joseph Benge,

               Plaintiff,

v.

Charles L. Ryan, et al.,

               Defendants.

No.  CV 14-00402-PHX-DGC (BSB)

**ORDER**

    Plaintiff Robert Joseph Benge brought this action pursuant to 42 U.S.C. § 1983 against prison healthcare providers, including Defendants Merchant and Santo.   On November 22, 2016, Merchant and Santo filed a Joint Motion to Enforce Settlement Agreement.  (Doc. 204.)  Plaintiff did not respond to the motion within the 14 days permitted by Local Rule of Civil Procedure 7.2(c), but, in light of Plaintiff's pro se status, the Court issued an order granting Plaintiff an additional 20 days to respond to the motion.  (Doc. 205.)  The Court instructed Plaintiff to specifically address the operative terms of the two written settlement agreements attached to Defendants' motion and warned Plaintiff that failure to respond could be construed as consent to the granting of the motion.  (*Id.* at 1-2.)  Plaintiff did not respond.  The Court will grant the motion.

## I.    Background

    Plaintiff's claims arose during his confinement at the Arizona State Prison Complex-Lewis, where he injured his left leg in May 2012, but did not learn until December 2012 that he had fractured his tibia.  (Doc. 1.)  Plaintiff alleged that Dr.

1    Merchant and Nurse Santo, among others, did not appropriately treat his leg and, as a
2    result, he suffered permanent injury and continuing pain.  In an order dated January 5,
3    2016, the Court granted summary judgment to all Defendants except Merchant, Santo,
4    and Tucker.[1]  (Doc. 150.)

5         Merchant and Santo state that on October 24, 2016 the parties, represented by their
6    attorneys, participated in a settlement conference with Magistrate Judge Burns, but
7    concluded the formal session after several hours without agreement.  (Doc. 204, Ex. A,
8    Stuart Decl. ¶¶ 3-4; Ex. B, Morrissey Decl. ¶¶ 3-4.)  After the formal session, the parties
9    continued discussions in the courthouse hallway and exchanged multiple offers.
10   Plaintiff's attorney, Paul Gattone, discussed each offer with Plaintiff and Plaintiff
11   eventually accepted settlement offers from both Merchant and Santo.  (Doc. 204, Ex. A,
12   Stuart Decl. ¶¶ 7-13; Ex. B, Morrissey Decl. ¶¶ 5-11.)  Afterwards, Plaintiff joined the
13   group and acknowledged the settlements verbally and by handshakes with Nathan Stuart,
14   counsel for Merchant, and Arizona Assistant Attorney General Kelley Morrissey, counsel
15   for Santo.  (Doc. 204, Ex. A, Stuart Decl. ¶¶ 14; Ex. B, Morrissey Decl. ¶¶ 12-13.)
16   Outside the courthouse, Stuart met with Plaintiff and Gattone and "again confirmed that
17   the agreement was for a complete release of any and all claims."  (Doc. 204, Ex. A, Stuart
18   Decl. ¶ 15.)  Stuart again shook hands with Plaintiff and Gattone before they left.  (*Id.*)

19        On October 26, 2016, Stuart, on behalf of Merchant, emailed the settlement
20   agreement to Gattone, and the attorneys agreed to advise Judge Burns that Merchant and
21   Plaintiff had reached a settlement.  They arranged for a conference call with Judge Burns
22   on November 1, 2016.  (Doc. 204, Ex. A, Stuart Decl. ¶¶ 18-22; Doc. 204-1 at 18-24
23   (Settlement Agreement between Plaintiff and Merchant).)[2]  The settlement between

---

[1] Plaintiff subsequently reached a settlement with Tucker, and the Court ordered
that Tucker be dismissed with prejudice on December 1, 2016, unless a stipulation to
dismiss was filed prior to that date.  (*See* Docs. 197, 200.)  Pursuant to the Court's
November 1, 2016 order (Doc. 200), Tucker will be dismissed with prejudice.

[2] The page numbers cited refer to the Court's electronically generated page
numbers.

Merchant and Plaintiff included a payment of $8,500.00 to Plaintiff as consideration for his release of all existing and potential claims against Merchant arising between July 1, 2012 and March 3, 2013. (Doc. 204-1 at 18-20.)

Also on October 26, 2016, Santo's attorney, Morrissey, sent to Gattone a Settlement Agreement, a Stipulation for Dismissal with Prejudice, and a proposed Order for Dismissal. (Doc. 204, Ex. B, Morrissey Decl. ¶ 17; Doc. 204-2 at 10-19 (Settlement Agreement between Plaintiff and Santo, Stipulation, and proposed Order.) The settlement between Santo and Plaintiff included a total payment of $7,500.00 to Plaintiff in exchange for releasing and discharging Santo and the State of Arizona from the claims asserted against them in the litigation. (Doc. 204-2 at 11-12.)

On November 1, 2016, shortly before the call with Judge Burns, Gattone told Stuart and Morrissey that Plaintiff wanted to withdraw from the settlement. (Doc. 204, Ex. A, Stuart Decl. ¶ 24; Ex. B, Morrissey Decl. ¶ 18.) Upon learning that Plaintiff wanted to withdraw, Judge Burns had Plaintiff join the call. (Doc. 204, Ex. A, Stuart Decl. ¶ 26; Ex. B, Morrissey Decl. ¶ 20.) Stuart asserts that when Plaintiff joined the call, he "advised that he did not want to honor the settlement agreements because he had spoken with some 'Scottsdale attorneys,' who advised that he had accepted an insufficient amount for his claims." (Doc. 204, Ex. A, Stuart Decl. ¶ 26; *see also* Ex. B, Morrissey Decl. ¶ 20.) Plaintiff claimed that settlement agreements were not reached on October 24, 2016 because (1) he had not signed anything and (2) "despite the fact that he was consulted with prior to providing acceptance, . . . his acceptance was not valid because he was not physically present for the negotiations held between attorneys; he was down the hallway and could not hear the conversation." (Doc. 204, Ex. A, Stuart Decl. ¶ 26; *see also* Ex. B, Morrissey Decl. ¶ 20.)

On November 2, 2016 Gattone filed a Motion to Withdraw as Attorney of Record for Plaintiff. (Doc. 199.) Gattone asserted that Plaintiff "entered into a settlement agreement with all three Defendants after a many hour settlement conference on October 24, 2016," but Plaintiff "has decided to withdraw from these agreements with

Defendants Santo[] and Merchant and to force this matter to trial." (*Id.* at 1.)  Gattone said "Plaintiff's actions were taken despite [Gattone's] advice to the contrary and [Gattone] feels that to continue on in this matter would violate his professional and person[a]l ethical standards." (*Id.* at 2.)  Plaintiff did not respond to Gattone's motion. By order dated November 14, 2016, the Court permitted Gattone to withdraw, stating that "Plaintiff shall be appearing pro se in this matter." (Doc. 202.)[3]

## II.    Legal Standard

A federal district court has inherent authority to enforce agreements that settle litigation before it.  *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994).  "A settlement is a contract, and its enforceability is governed by familiar principles of contract law."  *Knudsen v. C.I.R.*., 793 F.3d 1030, 1035 (9th Cir. 2015) (citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989)); *see Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) (a motion to enforce a settlement agreement is essentially "an action to specifically enforce a contract").  The movant has the burden of demonstrating that the parties formed a legally enforceable settlement agreement.  *In re Andreyev*, 313 B.R. 302, 305 (B.A.P. 9th Cir. 2004).  In Arizona, "where the client expressly so authorizes the attorney, the attorney may enter into an agreement on the client's behalf compromising a lawsuit, and his action in doing so binds the client."  *Hays v. Fischer*, 777 P.2d 222, 227 (Ariz. Ct. App. 1989); *see also Zeinaty v. Schimikowsky*, No. CV-05-3759-PCT-DGC, 2006 WL 1663257, at *1 (D. Ariz. June 9, 2006).

## III.    Discussion

Defendants have met their burden of showing that the parties formed legally enforceable settlement agreements.  Merchant agreed to pay Plaintiff $8,500.00 and Plaintiff agreed to release all existing and potential claims against Merchant arising between July 1, 2012 and March 3, 2013. (Doc. 204-1 at 18-20.)  The agreement further

---

[3] The Court notes that Plaintiff has proceeded pro se throughout most of this matter and that attorney Gattone appeared in the case shortly before the settlement conference.  Doc. 188.

provides that each party is to bear its own attorneys' fees, that there is no admission of liability or wrongdoing by either party, and that Plaintiff's claim against Merchant is not related to or arising from medical malpractice.  (*Id*. at 22-23.)  In Santo's agreement, the State of Arizona, on behalf of Santo, agreed to pay Plaintiff $7,500.00, and Plaintiff agreed to release the claims asserted against Santo and the State.  (Doc. 204-2 at 11.)  The agreement further provides that each party is to bear its own attorneys' fees, costs, and expenses, that there is no admission of liability by Santo, and that they will execute a Stipulation of Dismissal with prejudice of this case.  (*Id*. at 12-13.)

Defendants reached these agreements with Plaintiff's attorney, Mr. Gattone, and there is no doubt that Gattone was authorized by Plaintiff to engage in the settlement efforts.  Plaintiff was present and represented by Gattone throughout the settlement conference with Judge Burns, Plaintiff knew that settlement talks continued in the hallway after the conference ended, and Plaintiff confirmed the settlements reached by Gattone and shook hands with defense counsel after the agreements were reached. Gattone's actions in reaching the agreements are therefore binding on Plaintiff.  *Hays*, 777 P.2d at 227; *Zeinaty*, 2006 WL 1663257, at *1.

Plaintiff has failed to rebut Defendants' evidence of the oral and written agreements he made with Merchant and Santo.  Nor does Plaintiff dispute that he told Judge Burns on November 1, 2016 that "he did not want to honor the settlement agreements" after speaking with some Scottsdale attorneys who allegedly told him he had accepted "an insufficient amount for his claims[.]"  (Doc. 204, Ex. A, Stuart Decl. ¶ 26; *see also* Ex. B, Morrissey Decl. ¶ 20.)  This statement is an implicit admission to the existence of binding settlement agreements.  Moreover, Plaintiff failed to file any response to the statement in Gattone's Motion to Withdraw that Plaintiff "entered into a settlement agreement with all three Defendants after a many hour settlement conference on October 24, 2016[.]" (Doc. 199 at 1.)

Finally, Plaintiff failed to file any response to Defendants' Joint Motion to Enforce, even after the Court explicitly warned him that failure to respond "may be

construed as consent to the granting of the motion without further notice."  (Doc. 205, citing LRCiv 7.2(i); *Bridges v. Lewis*, 18 F.3d 651 (9th Cir. 1994).)  Because the Motion to Enforce has been pending for over two months without any response from Plaintiff, the Court will deem Plaintiff's failure to respond as consent to the granting of the Joint Motion to Enforce Settlement Agreement.  The Court will enforce the agreements reached by the parties.[4]

**IT IS ORDERED:**

1.    The reference to the Magistrate Judge is withdrawn and Defendants' Joint Motion to Enforce Settlement Agreement (Doc. 204) is **granted**.

2.    All claims against Defendant Merchant are dismissed with prejudice. Merchant shall pay Plaintiff $8,500.00 within 30 days of this order. Plaintiff has released all existing and potential claims against Merchant arising between July 1, 2012 and March 3, 2013, each party shall bear its own attorneys' fees and costs, there is no admission of liability or wrongdoing by either party, and Plaintiff's claim against Merchant does not relate to or arise from medical malpractice.

3.    All claims against Defendant Santo are dismissed with prejudice.  The State of Arizona, on behalf of Santo, shall pay Plaintiff $7,500.00 within 30 days of this order.  Plaintiff has released Santo and the State of Arizona from the claims asserted against them in this litigation.  The parties shall bear their own attorneys' fees and costs, and there is no admission of liability or wrongdoing by either party.

---

[4] Under the Court's Local Rules, "[n]o agreement between parties or attorneys is binding, if disputed, unless it is in writing signed by the attorney of record or by the unrepresented party[.]"  LRCiv 83.7.   Plaintiff does not dispute the terms of the agreements or the fact that they were reached.  Even if the local rule applied, the Court would view it as satisfied by the following court filings: the written filings of defense counsel confirming that a settlement agreement was reached (Docs. 204-1, 204-2) and Plaintiff's counsel's written confirmation that "Plaintiff entered into a settlement agreement with all three Defendants after a many hour settlement conference on October 24, 2016." (Doc. 199).

4.    Pursuant to the Court's November 1, 2016 order (Doc. 200), Defendant Tucker is **dismissed with prejudice**.

5.    Judgement is entered in accordance with this order and the Clerk is directed to terminate this action.

Dated this 14th day of February, 2017.


_____
David G. Campbell
United States District Judge